## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

LAUREN HOLDEN, *individually and on behalf of all others similarly situated*,

          Plaintiff,

   v.

OLD NAVY, LLC,

          Defendant.

Case No. _____

State Court Case No. 16-2021-CA-000672

**Class Action**

## NOTICE OF REMOVAL OF CIVIL ACTION

**PLEASE TAKE NOTICE** that Defendant Old Navy, LLC ("Old Navy" or "Defendant"), by and through its counsel, hereby files this notice of removal in the above-captioned action, currently pending in the Circuit Court of the Fourth Judicial Circuit in and for Duval County, Florida, as Case No. 16-2021-CA-000672 (the "State Court Action"). This removal is made pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453. For the reasons set forth below, this Court has subject matter jurisdiction.

## I.  BACKGROUND

1.  On or about February 4, 2021, Plaintiff Lauren Holden, individually and on behalf of all others similarly situated, commenced a putative class action against Old Navy by filing a Class Complaint and Demand for Jury Trial (the "Complaint") in the Circuit Court of the Fourth Judicial Circuit in and for Duval

County, Florida.  A true and correct copy of the Complaint is attached hereto as **Exhibit A**.

2.      On February 10, 2021, Old Navy was served with the Complaint.  A true and correct copy of the Service of Process is attached hereto as **Exhibit B**.

3.      True and correct copies of all process, pleadings, and orders in the State Court Action and not previously referenced are attached hereto as **Exhibit C**.

4.      The Complaint alleges that Defendant unlawfully intercepted Plaintiff's electronic communications in violation of the Florida Security of Communications Act, Fla. Stat. Ann. § 934.01, *et seq*. ("FSCA").  (Ex. A ¶ 1.)

5.      This Notice of Removal is timely under 28 U.S.C. § 1446(b) and Fed.R.Civ.P. 6(a)(1)(C) as it is filed within thirty (30) days after Plaintiff's service of the Complaint upon Old Navy.

6.      Nothing in this Notice of Removal shall constitute a waiver of Defendant's right to assert any defense, including motions pursuant to Federal Rule of Civil Procedure 12, as the case progresses.

## II.   VENUE

7.      Venue is proper under 28 U.S.C. § 1441(a) because this Court is the United State District Court for the district and division embracing the location where the State Court Action was pending.

## III.   JURISDICTION

8.      This Court has jurisdiction over this action under the Class Action Fairness Act ("CAFA"), codified under 28 U.S.C. § 1332(d) and § 1453, because: (A)

it meets CAFA's definition of a class action; (B) the putative class consists of more than 100 members; (C) there is minimal diversity of citizenship; and (D) the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.  *See* 28 U.S.C. §§ 1332(d).

### A.  This Action Meets the "Class Action" Definition Under CAFA.

9.    The State Court Action is a "class action."  CAFA provides

> [T]he term "class action" means any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action . . . .

28 U.S.C. § 1332(d)(1)(B).  CAFA further provides "[t]his subsection shall apply to any class action before or after the entry of a class certification order by the court with respect to that action."  28 U.S.C. § 1332(d)(8).

10.    Plaintiff filed the State Court Action as a putative class action.  (*See* Ex. A at 1 (titled "Class Action Complaint"); *id.* ¶ 1 ("This is a class action… . . . ."), *id.* ¶¶ 20-29 (section entitled "Class Action Allegations").)  Plaintiff asserts that she seeks to represent a class defined as:

> [a]ll persons residing within the State of Florida (1) who visited Defendant's website and (2) whose electronic communications were intercepted by Defendant or on Defendant's behalf (3) without their prior consent.

(Ex. A ¶ 20.)  The class definition excludes Defendant as well as Defendant's employees or agents.  (*Id.* ¶ 21.)  Accordingly, the Complaint clearly qualifies as a "class action" under CAFA.

**B.      The Putative Class Exceeds 100 Members.**

11.      Plaintiff concedes that the putative class is "believed to be no less than 100 individuals." (*Id.* ¶ 22; *see also* **Exhibit D**, Declaration of Jeffrey Held, ¶ 5.) Accordingly, the proposed class has at least one hundred members in the aggregate.  28 U.S.C. § 1332(d)(5)(b).[1]

**C.      This Action Meets CAFA's Minimal Diversity Requirement.**

12.      CAFA applies when "any member of a class of plaintiffs is a citizen of a State different from any defendant."  28 U.S.C. § 1332(d)(2)(A).  "Under CAFA, federal courts . . . have original jurisdiction over class actions in which the amount in controversy exceeds $5,000,000 and there is minimal diversity (at least one plaintiff and one defendant are from different states)."  *McDaniel v. Fifth Third Bank*, No. 14-11615, 2014 U.S. App. LEXIS 10489, *2-*3 (11th Cir. June 5, 2014) (citing *Evans v. Walter Indus., Inc.*, 449 F.3d 1159, 1163 (11th Cir. 2006)).

13.      Plaintiff alleges she is a citizen of Duval County, Florida.  (Ex. A ¶ 5.)

14.      Old Navy is a limited liability company that maintains its primary place of business in San Francisco, California (*id.* ¶ 6), and is organized under the laws of Delaware.  Old Navy is a wholly owned subsidiary of The Gap, Inc. (Ex. D ¶ 3), which is a Delaware corporation with its principal place of business in San Francisco, California.  Old Navy is therefore a citizen of Delaware and California for purposes of diversity jurisdiction.  See 28 U.S.C. § 1332(c)(1), (d)(10).

---

[1] Although the putative class alleged by Plaintiff meets the threshold for jurisdictional purposes, Old Navy denies that this action ultimately will prove appropriate for class treatment.

15.     Accordingly, because Plaintiff is a citizen of Florida, and Old Navy is a citizen of Delaware and California, CAFA's minimal diversity requirement is satisfied.  28 U.S.C. § 1332(d)(2)(A).

### D.     This Action Meets CAFA's Amount-in-Controversy Requirement.

16.     CAFA creates original jurisdiction for "any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2).  The claims of the individual class members are aggregated to determine whether the amount-in-controversy exceeds $5,000,000. 28 U.S.C. §1332(d)(6).  The amount-in-controversy analysis considers the amount the plaintiff has placed in controversy, not the amount the plaintiff is likely to recover.  *McDaniel*, 2014 U.S. App. LEXIS 10489 at *3 ("[T]he plaintiff['s] likelihood of success on the merits is largely irrelevant to the court's jurisdiction because the pertinent question is what is *in controversy* in the case, not how much the plaintiffs are ultimately likely to recover.") (citing *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010) (emphasis in original).

17.     To satisfy this requirement, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold; the notice need not contain evidentiary submissions." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 81 (2014); *see also Anderson v. Wilco Life Ins. Co.*, 943 F.3d 917, 925 (11th Cir. 2019) (same). Nevertheless, Old Navy has submitted a declaration in support of its notice of removal that demonstrates the amount in controversy requirement is satisfied.

(*See* Ex. D ¶¶ 4–5.)  When determining whether the $5,000,000 threshold has been surpassed, "a court may rely on evidence put forward by the removing defendant, as well as reasonable inferences and deductions drawn from that evidence." *Anderson*, 943 F.3d at 925 (citing *S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315 (11th Cir. 2014)).  Old Navy denies all liability alleged in the Complaint and further denies that class treatment is appropriate for this Action.  However, if damages or restitution were awarded on Plaintiff's claims, the aggregate amount as to the putative class would satisfy the amount-in-controversy requirement.

18.    Though Plaintiff has not specified the amount of relief she seeks, the allegations in the Complaint (as well as reasonable inferences and deductions drawn from those allegations) make clear that the amount Plaintiff has placed in controversy is easily above $5,000,000, exclusive of interests and costs.  Indeed, Plaintiff concedes that the proposed class of Florida residents is "numerous and geographically dispersed," and that "the aggregate damages sustained by the Class are potentially in the millions of dollars . . . ."  (Ex. A ¶¶ 22, 28.)

19.    Specifically, the Complaint seeks declarative and injunctive relief, liquidated damages, punitive statutory damages, and attorney's fees and costs. (Ex. A ¶¶ 39–41.)  The liquidated damages sought by Plaintiff are set forth by the FSCA, which provides for "liquidated damages computed at the rate of $100 a day for each day of violation or $1,000, whichever is higher."  (*Id*. ¶ 39.)  The statute of limitations for an FSCA claim is two years.  Fla. Stat. Ann. § 934.10(3).

20.     Here, Old Navy records show that there were at least 5,000 *sales* made on the Old Navy website to unique persons with billing addresses in Florida during the two years prior to the filing of the Complaint.  (Ex. D ¶ 5.)  Thus, there necessarily were at least 5,000 Floridian *visitors* to Old Navy's website during the period Plaintiff alleges Old Navy was intercepting website visitor's electronic communications.  Since Plaintiff seeks statutory damages of at least $1,000 per class member, the amount of alleged statutory damages alone exceeds $5,000,000. Plaintiff's claims for attorney's fees and injunctive relief, including the cost of implementing the requested relief, only further confirm that the amount in controversy requirement is met.

## IV.   NOTICE

21.     As required by 28 U.S.C. § 1446(d), a copy of this notice of removal is being served upon counsel for Plaintiff and a copy is being filed with the Clerk of the Circuit Court of the Fourth Judicial Circuit in and for Duval County, Florida.

## V.   CONCLUSION

WHEREFORE, Defendant Old Navy, LLC respectfully requests this Court to assume full jurisdiction over the cause herein, as provided by law, and to issue all necessary orders and process.

Respectfully submitted,

/s/ Ashley Bruce Trehan
Ashley Bruce Trehan, FBN 0043411
ashley.trehan@bipc.com
Jordan D. Maglich, FBN 0086106
jordan.maglich@bipc.com
BUCHANAN INGERSOLL & ROONEY PC

401 E. Jackson Street, Suite 2400
Tampa, FL  33602
Tel: (813) 228-8180
Fax: (813) 229-8189

and

COOLEY LLP
Michael G. Rhodes (California State
Bar No. 116127)
(*pro hac vice forthcoming*)
101 California Street, 5th Floor
San Francisco, CA  94111-5800
Telephone:  +1 415 693 2000
Facsimile:    +1 415 693 2222
Email:          rhodesmg@cooley.com
*Attorneys for Defendant Old Navy,
LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 11, 2021, I electronically filed the foregoing and its attachments with the Clerk of the Court by using the CM/ECF system and sent the foregoing and its attachments via email to the following counsel of record:

Andrew J. Shamis, Esq.
ashamis@shamisgentile.com
SHAMIS & GENTILE, P.A.
14 NE 1st Avenue, Suite 705
Miami, Florida 33132

Manuel Hiraldo, Esq.
MHiraldo@Hiraldolaw.com
HIRALDO P.A.
401 E. Las Olas Blvd., Suite 1400
Fort Lauderdale, FL 33301

Scott Edelsberg, Esq.
scott@edelsberglaw.com
EDELSBERG LAW, PA
20900 NE 30th Ave., Suite 417
Aventura, FL 33180

*Attorneys for Plaintiff*

/s/ Ashley Bruce Trehan
Ashley Bruce Trehan, FBN 0043411
ashley.trehan@bipc.com
Jordan D. Maglich, FBN 0086106
jordan.maglich@bipc.com
BUCHANAN INGERSOLL & ROONEY PC
401 E. Jackson Street, Suite 2400
Tampa, FL 33602
Tel: (813) 228-8180
Fax: (813) 229-8189
*Attorneys for Defendant Old Navy, LLC*