Filing # 120845132 E-Filed 02/04/2021 03:09:23 PM

IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT
IN AND FOR DUVAL COUNTY, FLORIDA

CASE NO.

LAUREN HOLDEN, *individually and on behalf of all others similarly situated*,

    Plaintiff,

vs.

OLD NAVY, LLC,

    Defendant.

_____/

**CLASS ACTION**

**JURY TRIAL DEMANDED**

## CLASS ACTION COMPLAINT

Plaintiff Lauren Holden brings this class action against Defendant Old Navy, LLC, and alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

### NATURE OF THE ACTION

1. This is a class action under the Florida Security of Communications Act, Fla. Stat. Ann. § 934.01, *et seq.* ("FSCA"), arising from Defendant's unlawful interception of electronic communications. Specifically, this case stems from Defendant's use of tracking, recording, and/or "session replay" software to intercept Plaintiff's and the class members' electronic communications with Defendant's website, including how they interact with the website, their mouse movements and clicks, information inputted into the website, and/or pages and content viewed on the website.

2. Defendant intercepted the electronic communications at issue without the knowledge or prior consent of Plaintiff and the Class members. Defendant did so for its own

ACCEPTED: DUVAL COUNTY, JODY PHILLIPS, CLERK, 02/05/2021 07:44:59 AM

financial gain and in violation of Plaintiff's and the Class members' privacy rights under the FSCA. Such clandestine monitoring and recording of an individual's electronic communications has long been held a violation of the FSCA. *See, e.g., O'Brien v. O'Brien*, 899 So. 2d 1133 (Fla. 5th DCA 2005).

3. Defendant has intercepted the electronic communications involving Plaintiff and the Class members' visits to its website, causing them injuries, including invasion of their privacy and/or exposure of their private information.

4. Through this action, Plaintiff seeks injunctive relief to halt Defendant's unlawful interceptions. Plaintiff also seeks damages authorized by the FSCA on behalf of Plaintiff and the Class members, defined below, and any other available legal or equitable remedies resulting from the actions of Defendant described herein.

## PARTIES

5. Plaintiff is, and at all times relevant hereto was, a citizen and resident of Duval County, Florida.

6. Defendant is, and at all times relevant hereto was, a limited liability company that maintains its primary place of business at 2 Folsom Street, San Francisco, California 94105.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to Florida Rule of Civil Procedure 1.220 and Fla. Stat. § 26.012(2). The matter in controversy exceeds the sum or value of $30,000 exclusive of interest, costs, and attorney's fees.

8. Defendant is subject to personal jurisdiction in Florida because this suit arises out of and relates to Defendant's contacts with this state. Defendant intercepted electronic communications from and to Florida without the consent of Plaintiff and the Class members.

Plaintiff and the Class members were in Florida when Defendant's unlawful interceptions occurred, and were injured while residing in and physically present in Florida.

9. Venue for this action is proper in this Court because all facts giving rise to this action occurred in this circuit.

### FACTS

10. Defendant owns and operates the following website: www.oldnavy.gap.com.

11. Over the past year, Plaintiff visited Defendant's website approximately 5 times.

12. Plaintiff most recently visited Defendant's website on or about November 2020.

13. Plaintiff was in Florida during each visit to Defendant's website.

14. Upon information and belief, during one or more of these visits, Defendant utilized tracking, recording and/or "session replay" software to contemporaneously intercept Plaintiff's use and interaction with the website, including mouse clicks and movements, information inputted by Plaintiff, and/or pages and content viewed by Plaintiff. Defendant also recorded Plaintiff's location during the visits, as well as the time and dates of each visit.

15. Plaintiff never consented to interception of her electronic communications by Defendant or anyone else.

16. At no point in time did Plaintiff provide Defendant, its employees, or agents with consent to intercept Plaintiff's electronic communications.

17. Plaintiff and the putative Class members did not have a reasonable opportunity to discover Defendant's unlawful interceptions because Defendant did not disclose or seek their consent to intercept the communications.

18. Upon information and belief, Defendant similarly intercepted the electronic communications of other individuals located in Florida who visited Defendant's website.

19. Defendant's surreptitious interception Plaintiff's electronic communications caused Plaintiff harm, including invasion of her privacy and/or the exposure of private information.

## CLASS ALLEGATIONS

### PROPOSED CLASS

20. Plaintiff brings this lawsuit as a class action on behalf of all other similarly situated persons pursuant to Florida Rule of Civil Procedure 1.220(b)(2) and (b)(3). The "Class" that Plaintiff seeks to represent is defined as:

> **All persons residing within the State of Florida (1) who visited Defendant's website and (2) whose electronic communications were intercepted by Defendant or on Defendant's behalf (3) without their prior consent.**

21. Defendant and its employees or agents are excluded from the Class. Plaintiff reserves the right to modify or amend the Class definitions, as appropriate, during the course of this litigation.

### NUMEROSITY

22. The Class members are so numerous and geographically dispersed that individual joinder of all Class members is impracticable. The precise number of Class members is unknown to Plaintiff, but may be readily ascertained from Defendant's records and is believed to be no less than 100 individuals. Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. Mail, electronic mail, Internet postings, and/or published notice

23. The identities of the Class members are unknown at this time and can be ascertained only through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's records kept in connection with its unlawful interceptions.

### COMMON QUESTIONS OF LAW AND FACT

24. There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are:

(1) Whether Defendant violated the FSCA;

(2) Whether Defendant intercepted Plaintiff's and the Class members' electronic communications;

(3) Whether Defendant disclosed to Plaintiff and the Class Members that it was intercepting their electronic communications;

(4) Whether Defendant secured prior consent before intercepting Plaintiff's and the Class members' electronic communications;

(5) Whether Defendant is liable for damages, and the amount of such damages; and

(6) Whether Defendant should be enjoined from such conduct in the future.

25. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendants routinely intercepts electronic communications without securing prior consent is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

### TYPICALITY

26. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

### PROTECTING THE INTERESTS OF THE CLASS MEMBERS

27. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

**SUPERIORITY**

28. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are potentially in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

29. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

## COUNT I
### Violations of the FSCA, Fla. Stat. Ann. § 934.03
(On Behalf of Plaintiff and the Class)

30. Plaintiff re-alleges and incorporates the foregoing allegations as if fully set forth herein.

31. It is a violation of the FSCA to intercept, endeavor to intercept, or procure any other person to intercept or endeavor to intercept any electronic communication. Fla. Stat. Ann. § 934.03(1)(a).

32. Further, it is a violation to intentionally use, or endeavor to use, "the contents of any wire, oral, or electronic communication, knowing or having reason to know that the information was obtained through the interception of a wire, oral, or electronic communication in violation of this subsection[.]" Fla. Stat. Ann. § 934.03(1)(d).

33. The FSCA defines "intercept" as the "acquisition of the contents of any wire, electronic, or oral communication through the use of any electronic, mechanical, or other device." Fla. Stat. Ann. § 934.02(3).

34. The FSCA defines "electronic communication" as "any transfer of signs, signals, writing, images, sounds, data, or intelligence of any nature transmitted in whole or in part by a wire, radio, electromagnetic, photoelectronic, or photooptical system that affects intrastate, interstate, or foreign commerce…." Fla. Stat. Ann. § 934.02(12).

35. Defendant violated § 934.03(1)(a) of the FSCA by intercepting Plaintiff's and the Class members' electronic communications when they visited Defendant's website.

36. Defendant intercepted Plaintiff's and the Class members' electronic communications without their prior consent.

37. Defendant violated § 934.03(1)(d) of the FSCA by using the unlawfully intercepted electronic communications.

38. Plaintiff and the Class members had an expectation of privacy during their visits to Defendant's website, which Defendant violated by intercepting their electronic communications with the website.

39. As a result of Defendant's conduct, and pursuant to § 934.10 of the FSCA, Plaintiff and the other members of the putative Class were harmed and are each entitled to "liquidated damages computed at the rate of $100 a day for each day of violation or $1,000, whichever is higher[.]" Fla Stat. Ann. § 934.10(b).

40. Plaintiff is also entitled to "reasonable attorney's fees and other litigation costs reasonably incurred." Fla Stat. Ann. § 934.10(d).

41. Plaintiff and the Class members are also entitled to an injunction.

**WHEREFORE**, Plaintiff Lauren Holden, on behalf of herself and the other members of the Class, prays for the following relief:

a. A declaration that Defendant's practices described herein violate the Florida Security of Communications Act;

b. An injunction prohibiting Defendant from intercepting the electronic communications of individuals visiting Defendant's website without their knowledge and consent;

c. An award of actual, liquidated damages, and/or punitive statutory damages;

d. Reasonable attorney's fees and costs; and

e. Such further and other relief the Court deems reasonable and just.

### JURY DEMAND

Plaintiff and Class Members hereby demand a trial by jury.

### DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases or other itemizations associated with the allegations herein, including all records, lists, electronic databases or other itemizations in the possession of any vendors,

individuals, and/or companies contracted, hired, or directed by Defendant to assist in sending the alleged communications.

Dated: February 4, 2021

Respectfully Submitted,

By: */s/ Andrew J. Shamis*
**SHAMIS & GENTILE, P.A.**
Andrew J. Shamis, Esq.
Florida Bar No. 101754
ashamis@shamisgentile.com
14 NE 1st Avenue, Suite 705
Miami, Florida 33132
(t) (305) 479-2299
(f) (786) 623-0915

**EDELSBERG LAW, PA**
Scott Edelsberg, Esq.
Florida Bar No. 100537
scott@edelsberglaw.com
20900 NE 30th Ave., Suite 417
Aventura, FL 33180
Telephone: 305-975-3320

**HIRALDO P.A.**
Manuel Hiraldo, Esq.
Florida Bar No. 030380
401 E. Las Olas Blvd., Suite 1400
Fort Lauderdale, FL 33301
MHiraldo@Hiraldolaw.com
Telephone: 954-400-4713

*Counsel for Plaintiff and Proposed Class*